**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MECHELLE POPPELREITER AND
ROBERT ANDREW POPPELREITER**                                    **PLAINTIFFS**

**V.**                                                                                    **NO. 1:11CV008-A-S**

**GMAC MORTGAGE, LLC**                                                  **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiffs Andrew and Mechelle Poppelreiter filed this suit against GMAC Mortgage, LLC, alleging that the company negligently serviced their home mortgage loan and made misrepresentations regarding its loan modification process. Before the Court is a Motion for Summary Judgment [47] filed by GMAC. Plaintiffs have failed to respond in opposition, and the response deadline has passed. Upon due consideration of the motion, exhibits, and supporting authority, the Court is ready to rule.

**BACKGROUND FACTS & PROCEDURAL HISTORY**

On June 13, 2002, Mechelle Poppelreiter obtained a home mortgage loan in the amount of $150,000.00 from Homecomings Financial Network, Inc. The promissory note was secured by a deed of trust on the property. Pursuant to the note and the deed of trust, Mrs. Poppelreiter agreed to repay the loan at an annual interest rate of 8.75%, in monthly payments of principal and interest in the amount of $1,150.05, plus any escrow required by the lender.

The note provides that the borrower will be considered in default if she fails to make the full monthly payment on the day it is due. The note further entitles the lender to charge a late fee of 4% of the overdue principal and interest payment if the lender does not receive the full monthly payment within fifteen days after it becomes due. The lender is also authorized, in the event of default, and

after giving notice and an opportunity to cure the default, to accelerate the amount due on the loan and foreclose on the property.

In October of 2008, after falling behind on their mortgage payments and facing foreclosure, the Poppelreiters executed a loan modification agreement. Pursuant to that agreement, the Poppelreiters were to make an initial payment of $1,440.93 and begin making monthly payments for principal, interest and escrow totaling $1,466.67. The purpose of this arrangement was to allow the Poppelreiters to bring their loan current. However, the Poppelreiters soon fell behind on their payments again, and missed their April, May, and June 2009 payments. On July 1 ,2009, with the July payment coming due, Mrs. Poppelreiter informed a representative of GMAC (who serviced the Plaintiffs' mortgage) that she was going to wire a payment of $3000.00 to cover the April and May payments.

According to Mrs. Poppelreiter, the representative informed her that she qualified for a trial modification, and instructed Mrs. Poppelreiter not to send the $3000.00 she had offered, but instead to send a single monthly payment in the amount of $1485.00 and to make no further payments until August 1, 2009.[1] According to the GMAC representative, the Poppelreiters would be in a trial modification for the months of August through November, 2009, and were to make a payment in each of those months in the amount of $1148.00. The representative also encouraged Mrs. Poppelreiter to apply for a Home Affordable Modification Program ("HAMP")[2] permanent

---

[1]GMAC disputes ever instructing Plaintiff to withhold payment, but notes that even if Plaintiff had made the $3,000 payment, it would not have brought her loan current.

[2]    The Making Home Affordable Program is part of the Obama Administration's broad, comprehensive strategy to get the economy and the housing market back on track. The Making Home Affordable Program offers strong options for homeowners: (1)

modification, and Mrs. Poppelreiter did so.

This arrangement was continued while Mrs. Poppelreiter completed the HAMP application process. In February 2010, GMAC determined the Poppelreiters did not qualify for a HAMP modification because the application incorrectly indicated that the Poppelreiters possessed a $400,000 cash value life insurance policy. A second application was completed, which was also denied due to the fact that the Poppelreiters did not earn enough income to qualify for a HAMP modification. Instead, GMAC offered the Poppelreiters so-called "traditional" (non-HAMP) modifications in April and June 2010, similar to the one previously executed in 2008, which would have brought them current on their loan. The Poppelreiters rejected the modification offers and did nothing further to cure their default. According to Mrs. Poppelreiter, she rejected the offers because they were not HAMP modifications and did not significantly lower her payment.

The Poppelreiters filed the instant suit on January 7, 2011, asserting claims for negligence, gross negligence, negligent misrepresentation, and fraud against GMAC. The Complaint asserted, among other things, that GMAC misrepresented the nature of its modification program, miscalculated the Plaintiffs' arrearages and misapplied their payments, and was otherwise "negligent

---

refinancing mortgage loans through the Home Affordable Refinance Program (HARP), (2) modifying first and second mortgage loans through the Home Affordable Modification Program (HAMP) and the Second Lien Modification Program (2MP), (3) providing temporary assistance to unemployed homeowners through the Home Affordable Unemployment Program (UP), and (4) offering other alternatives to foreclosure through the Home Affordable Foreclosure Alternatives Program (HAFA).

Homeowner Frequently Asked Questions, *available at* http://www.makinghomeaffordable.gov/faqs/homeowner-faqs/Pages/default.aspx.

and careless in the manner in which it performed its duties in servicing the Plaintiffs' loan." The Defendant previously filed a Motion to Dismiss which this Court granted in part, finding that the Plaintiffs had at least alleged plausible claims for negligence and negligent misrepresentation, but failed to plead their fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b).

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson,

477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164. In cases where the Plaintiff has failed to respond to the Motion for Summary Judgment, the Fifth Circuit has declared that summary judgment may not be granted solely because of a default, stating

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.

Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). However, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Adams v. Travelers Indem. Co., 465 F.3d 156, 164 (5th Cir. 2006).

## DISCUSSION

GMAC asserts that it is entitled to summary judgment because the Plaintiffs can produce no evidence demonstrating a genuine issue of material fact for trial as to whether GMAC acted negligently or made negligent misrepresentations to the Plaintiffs. As stated above, Plaintiffs have failed to respond in opposition to GMAC's motion. The Court, though not obligated to do so, has conducted its own review of the record, and finds the Defendant's Motion well taken.

In order to prevail on a negligence claim, "a plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation, and injury." South Carolina Ins. Co. v. Keymon, 974 So. 2d 226, 231 (Miss. 2008) Under Mississippi law, "[d]uties to disclose or to act affirmatively . . . do not arise in arms length transactions or under an ordinary standard of

care.  Rather, they arise only in fiduciary or confidential relationships."  <u>MS Credit Ctr., Inc. v.</u>

<u>Horton</u>, 926 So. 2d 167, 177 (Miss. 2006) (citing <u>Van Zandt v. Van Zandt</u>, 86 So. 2d 466 (1956)).

A relationship between a mortgagor and mortgagee is not a fiduciary one as a matter of law, but

rather "an arms-length business transaction involving a normal debtor-creditor relationship."

<u>Merchants & Planters Bank of Raymond v. Williamson</u>, 691 So. 2d 398, 403 (Miss. 1997)**.**

 To establish a claim for negligent misrepresentation, a plaintiff must prove the following

elements:  (1) a misrepresentation or omission of a fact, (2) that the representation or omission is

material or significant, (3) that the person/entity charged with the negligence failed to exercise that

degree of diligence and expertise the public is entitled to expect of such persons/entities, (4) that the

plaintiff reasonably relied upon the misrepresentation or omission, and (5) that the plaintiff suffered

damages as a direct and proximate result of such reasonable reliance.  <u>Mladineo v. Schmidt</u>, 52 So.

3d 1154, 1164-65 (Miss. 2010) (citing <u>Hazlehurst Lumber Co., Inc. v. Miss. Forestry Comm'n</u>, 983

So. 2d 309, 313 (Miss. 2008)).

 GMAC asserts that there is no evidence in the record that the it failed to comply with its

obligations as set out in the loan documents.  Furthermore, GMAC argue that Plaintiffs are unable

to produce evidence that GMAC breached any extra-contractual duty it may have owed to them, or

that GMAC made material misrepresentations upon which Plaintiffs reasonably relied to their

detriment.

 Although Plaintiffs previously disclaimed any entitlement to a HAMP modification in their

response to Defendant's Motion to Dismiss, to the extent that any portion of Plaintiffs' claims rest

upon GMAC's failure to provide them with a  HAMP modification,  Plaintiffs have failed to

produce, and the Court has been unable to locate, any record evidence that the Plaintiffs were entitled

to a HAMP modification or any authority suggesting that GMAC had a duty to provide the Plaintiffs with a HAMP modification.   Furthermore, although this issue has yet to be addressed by the  Fifth Circuit, a majority of courts have held that HAMP does not create a private cause of action. See Hung Quang Tran v. BAC Home Loans Servicing, LP, 2011 WL 5057099, at *2-3 (S.D. Tex. Oct. 24, 2011) (collecting cases).

Regarding Plaintiffs' claim that GMAC improperly advised them to make a payment of $1485.00 in July 2009 instead of the $3,000 Mrs. Poppelreiter intended to pay (which would not have brought the loan current) and to then make reduced payments as part of a trial modification while they pursued a HAMP modification, the evidence fails to show that such conduct by GMAC was negligent, amounted to a misrepresentation, or damaged the Plaintiffs, as they were already in default and GMAC was at that time entitled to accelerate the entire amount of the loan and foreclose on the property.  Cf. Temple-Inland Mortg. Corp. v. Jones, 749 So. 2d 1161, 1166 (Miss. Ct. App. 1999) ("the fact that Temple-Inland tried to work with the Joneses for nearly six months to avoid foreclosure before the Joneses filed this action would seem to indicate that the lender's actions were neither unfair nor uncalled for").

Regarding Plaintiffs' claim that GMAC falsely represented that they would not be penalized by making the reduced payments, the record fails to support this allegation.  The original loan documents and 2008 modification authorized GMAC to impose late fees.   During Mrs. Poppelreiter's deposition, she stated the following regarding the trial modification:

Q:    . . . Did she tell you anything one way or the other about how making these
      1,148 payments would impact your credit?
A:    No.
Q:    Did she tell you anything about how making these 1,148 payments would
      affect your fees that you would be charged?

A:     No.

Mrs. Poppelreiter additionally admitted that no on ever told her the terms of her loan had been changed.

Insofar as Plaintiffs' negligence and misrepresentation claims are premised on allegedly wrongful arrearages calculations, there is no evidence in the record that GMAC has improperly calculated the Plaintiffs' arrearages or failed to apply their payments in accordance with the terms of the note and deed of trust.

Finally, even if Plaintiffs had presented evidence of negligent conduct or a misrepresentation on the part of GMAC, there is no evidence in the record establishing that the Plaintiffs have been proximately damaged by such conduct. It appears undisputed that the Plaintiffs have been in default on their mortgage since at least June 2009. See Jones, 749 So. 2d at 1169 ("Especially in light of the chancellor's finding that the Joneses were in default on their mortgage obligation, they have not proven any actual injury."). Under the terms of the loan agreement, GMAC was entitled at that time to accelerate the loan and foreclose on the property. Instead, GMAC did not exercise its right to foreclose and attempted to work with the Plaintiffs over the next year, with the Plaintiffs eventually receiving but refusing modification offers in April and June of 2010 which would have brought their loan current.

**CONCLUSION**

In sum, Defendant GMAC has sustained its burden under Rule 56 of showing there is no genuine issue of material fact presented that would require a jury's consideration, and the Plaintiffs have failed to establish a genuine issue of material fact. Therefore, the Court GRANTS Defendant's Motion for Summary Judgment. Plaintiffs' claims are dismissed, and this case is CLOSED.

SO ORDERED on this, the 7th day of December, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**